```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

FIRST CENTURY BANK, N.C.,
a national banking association,

    Plaintiff,

v.                                    Civil Action No. 1:11-0580

MARLENE BATELIC,
and M & M KIDS, LLC, a West Virginia
Limited liability Company,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's motion for summary judgment, requesting that the court enter a judgment against the defendants for liability under two guaranteed note obligations. (Doc. No. 11). Defendants have not responded to plaintiff's motion for summary judgment. For the reasons below, the Court GRANTS plaintiff's motion for summary judgment, Doc. No. 11, and DENIES plaintiff's motion for entry of an order of summary judgment as moot. (Doc. No. 16).

### I. Factual and Procedural Background

The plaintiff, First Century Bank, N.A. ("the Bank"), filed its complaint on September 7, 2011, alleging that the defendant M&M Kids, LLC ("M&M Kids") defaulted in its payment obligations under two Notes, each promising to repay the Bank a certain amount. Doc. No. 1., p. 2-3. In accordance with the Notes'

1

acceleration clauses, the Bank alleges that M&M Kids' total repayment obligations under both notes were due August 16, 2011. The Bank alleges M&M Kids' breached its obligations under both Notes because M&M Kids has not paid the accelerated amounts plus costs specified under the Note. See id., at 2, 4. The Bank also alleges that defendant Marlene Batelic ("Batelic") breached her obligations under Guaranties she signed, each of which secured the respective Notes' obligations. See id., at 3-4.

M&M Kids and Batelic together filed an answer admitting all of the Bank's allegations except for specific dollar amounts to which the defendants responded that they were without sufficient knowledge to admit or deny those amounts. See Doc. No. 7, p. 2, ¶8-10; p. 3, ¶15-17. Defendants claimed several defenses ranging from a statute of limitations defense to alleging that the plaintiff failed to state a claim to alleging the plaintiff must first proceed against the collateral for satisfaction. See id., p. 3. Defendants provide no factual support for their defenses. See id.

The Bank filed a motion for summary judgment on November 14, 2011. Doc. No. 11. Defendants have not responded.

## II. Discussion

Under the Federal Rules of Civil Procedure, Rule 56 governs Summary Judgment. More precisely, Rule 56(e) addresses the situation where a party fails to address a fact that the other

2

party has asserted in its motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 56(e).  Rule 56(e) provides, in relevant part, that a court may, <u>inter alia</u>, consider facts from a motion for summary judgment that go unaddressed as undisputed for purposes of the motion and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed [under Rule 56(e)(2)]—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

However, summary judgment's guiding principle, that the moving party must show "there is no genuine dispute as to any material fact and the movant is entitle to judgment as a matter of law," Fed. R. Civ. P. 56(a), limits a court's general discretion under 56(e) to grant summary judgment in favor of the moving party when the non-moving party fails to address facts in the motion.  In other words, when the Advisory Committee drafted 56(e), it did not intend to change the moving party's burden in 56(c).  <u>See</u> <u>Adickes v. S. H. Kress & Company</u>, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).  This principle extends to the accepted doctrine requiring courts to view facts from the moving party's materials, and reasonable inferences drawn from those facts, in the light most favorable to the non-moving party.  <u>See id.</u>, at 158-59.

Nevertheless, the Bank appears to have met its burden in its original complaint, stating precisely, and proving

3

thoroughly by exhibit, the existence and amount of defendants' financial obligations to the Bank.  <u>See generally</u> Doc. 1, Ex.'s A-F.  The numbers, dates, and various other contractual provisions found in the exhibits accompanying the Bank's complaint, even when viewed in the light most favorable to the defendants, simply state an overdue debt.  Defendants do not even attempt to challenge any of the Bank's accounting in the answer.  Doc. No. 7.  And, by not filing a response to the Bank's motion for summary judgment, defendants do not dispute the Bank's legal allegations and financial accounting of the debts.

Accordingly, the Court finds the Bank has met its burden under 56(a) based on (1) the Bank's complaint and accompanying exhibits, (2) the defendants' across-the-board admissions in their answer, and (3) the defendants' failure to respond to the Bank's motion for summary judgment.

Based on the foregoing court **GRANTS** the Bank's Motion for Summary Judgment (Doc. No. 11).  The Court further **DENIES** as moot the Bank's Motion for Entry of a Summary Judgment Order. (Doc. No. 16).

Furthermore, the Court hereby sets a hearing on the record to determine plaintiff's damages on November 16, 2012 at 9:30 A.M. in the Charleston Division of the United States District Court for the Southern District of West Virginia.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 30th day of August, 2012.

                ENTER:

                _David A. Faber_
                David A. Faber
                Senior United States District Judge